<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STEPHEN J. BLEISTINE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MIKIE SHERRILL, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 26-2973 (SDW) (MAH)<br><br>**WHEREAS OPINION & ORDER**<br><br>March 25, 2026 |

**WIGENTON, District Judge.**

　　**THIS MATTER** comes before this Court upon Plaintiff Stephen J. Bleistine's Complaint, (D.E. 1), and it appearing that the Honorable Tonianne J. Bongiovanni ("Judge Bongiovanni") of the United States District Court for the District of New Jersey is named as Defendant, (*id.* at 1), and it further appearing that by Order entered on March 23, 2026, (D.E. 2), this matter was assigned to the Undersigned by Order of the Chief Judge; and

　　**WHEREAS** pursuant to Local Civil Rule 40.1(g), the assignee Judge must determine whether the suit is "patently frivolous, or if judicial immunity is plainly applicable" before making any ruling in the matter.  L. Civ. R. 40.1(g).  If the Court finds that either of these apply to the instant suit, the Court must "promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge" and "[t]he Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge."  L. Civ. R. 40.1(h); and

1

**WHEREAS** Plaintiff's Complaint challenges actions taken by Judge Bongiovanni in *Bleistine v. Murphy*, No. 25-18944 (RK) (TJB), characterizing the issuance of certain orders as "moot, unenforceable, deceitful, dishonest and fraudulent." (D.E. 1 at 14, 32); and

**WHEREAS** it is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)).  Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial," *Gallas v. Superior Court of Pennsylvania*, 211 F.3d 760, 769 (3d Cir. 2000), nor because it "was done maliciously, or was in excess of [her] authority," *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); and

**WHEREAS** judicial immunity may only be overcome in two ways.  First, a judge can be held liable for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11.  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12; and

**WHEREAS** in reviewing Plaintiff's Complaint, it is apparent that he complains of actions taken by Judge Bongiovanni in her judicial capacity—namely the issuance of certain orders. Plaintiff's Complaint does not contain allegations placing the matter outside the scope of judicial immunity; and

**WHEREAS** Plaintiff's claims against Judge Bongiovanni must be **DISMISSED WITH PREJUDICE**.  *See Evans v. New Jersey Superior Court, Monmouth Cnty.*, No. 26-1357, 2026 WL 622682, at *3 (D.N.J. Mar. 5, 2026) (dismissing claims against a judge after finding they were frivolous and that the doctrine of judicial immunity was applicable); therefore

**IT IS**, on this 25th day of March 2026,

**ORDERED** that Defendant Tonianne J. Bongiovanni is **DISMISSED** from this case pursuant to Local Civil Rule 40.1(h); and it is further

**ORDERED** that in accordance with Local Civil Rule 40.1(h), the Clerk of the Court shall notify the Chief Judge of this decision to allow for a determination as to the reassignment of this case.

**SO ORDERED.**

       ___/s/ Susan D. Wigenton_____
       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
              Michael A. Hammer, U.S.M.J.